STATE of Oklahoma ex rel. Mac Q. WILLIAMSON, Attorney General of said State, Applicant,

v.

Harrell E. GARRISON, N. N. Duncan, Leon R. Daniel, James M. Hicks, Bill Bull and L. L. Dickerson, Jr., Respondents.

No. 39566.

Supreme Court of Oklahoma.

June 27, 1961.

the State of Oklahoma to test the legality and constitutionality of the Northeast Oklahoma Gas Authority, which had for its main pupose the furnishing of natural gas to inhabitants of northeastern Oklahoma. The respondents in this case are Harrell E. Garrison, N. N. Duncan, Leon R. Daniel, James M. Hicks, Bill Bull and A. L. Dickerson, Jr., who are the trustees of the aforementioned Trust.

The Attorney General is proceeding in this case at the direction of the Governor of Oklahoma. Because of the public interest involved we are assuming jurisdiction.

The validity of the Trust in question was before this Court previously in the case of State ex rel. Williamson, Attorney General v. Garrison et al., Okl., 348 P.2d 859. In that case we held that the Trust took away from the municipalities in the Trust the right to control the issuing of franchises which was improper. That case also raised a doubt as to whether there could be multiple beneficiaries in a Trust of this nature.

In order to satisfy this Court's criticism of the failure to have franchises voted by the City of Tahlequah and the Town of Fort Gibson elections were called in those towns and a franchise was granted to the Northeast Oklahoma Gas Authority by their citizens.

The procedure in the City of Tahlequah was in this manner. On January 4, 1960, the Tahlequah City Council passed an emergency Ordinance directing the submission to the qualified electors of the city of the question of approval of an Ordinance providing for the granting of a franchise to the trustees of the Northeast Oklahoma Gas Authority in accordance with the requirements of the Tahlequah City Charter.

The Tahlequah City Charter provides (a) that no proposed franchise Ordinance shall be passed finally within 30 days of its introduction and until it be published not less than 3 consecutive weeks before such final passage (Art. IV, Sec. 49); (b) that no franchise shall be granted without approval of a majority of the qualified electors voting

Mac Q. Williamson, Atty. Gen., Finis O. Stewart, Asst. Atty. Gen., for applicant.

Leon S. Hirsh, Oklahoma City, Miller & Miller, Tahlequah, for respondents.

HALLEY, Justice.

This is an original proceeding for an injunction by the State of Oklahoma ex rel. Mac Q. Williamson, Attorney General of

at an election thereon (Art. V, Sec. 57); (c) that the franchise must specify the streets, etc., to which it shall apply (Art. V, Sec. 58); (d) that all power granted by the Constitution, to regulate rates and service, shall be reserved to the people to be exercised by Ordinance of the Council (Art. V, Secs. 59, 61); (e) that no exclusive franchise shall be granted (Art. V, Sec. 62); (f) that no franchise shall be for a term in excess of 25 years and that compensation be payable to the city by allocation of a percentage of the gross receipts (Art. V, Sec. 65); and (g) that there be reserved the right of the city to purchase the property and plant of the franchise-grantee (Art. V, Sec. 66).

The franchise Ordinance was introduced on January 5, 1960, and published on January 21 and 29, and February 4, 1960. It was approved by a vote of 1427 to 67 at an election held on February 9, 1960. The Ordinance was accepted by the trustees of the Trust on March 4, 1960.

After a study of the franchise Ordinance and all Exhibits we say and hold that all requirements of the Charter of the City of Tahlequah and the Constitution of the State of Oklahoma have been specifically met.

The Town of Fort Gibson not being a charter city, the Oklahoma Constitution, Article XVIII, Section 5a and 11 O.S.1951 §§ 61–63 were followed.

The election was held on February 9, 1960, as a referendum on Ordinance No. 252, published on January 7, 1960, together with an election proclamation.

The Ordinance reveals that it (a) limits the franchise granted to a term of 25 years, (b) reserves all "lawful power to regulate any charges" and (c) expressly is non-exclusive.

This Ordinance was approved by the electors of Fort Gibson by a vote of 393 to 11.

 We think this proceeding of the Town of Fort Gibson fully complied with all legal requirements.

In order that there be no question as to multiple beneficiaries, the Declaration of Trust of the Northeast Oklahoma Gas Authority was amended to make the State of Oklahoma the single and only beneficiary under an amendment to the Declaration made on the 25th day of March, 1960. This was properly done and accepted by the Governor of Oklahoma. We approve the same.

On March 25, 1960, all of the trustees and the original trustors of the Trust executed an amendment to the Declaration of Trust of the Authority, whereby the structure of the Board of Trustees was changed (a) to conform to the elimination of multiple beneficiaries, and to provide that municipalities granting franchises to the Trust should have representation upon the Board, (b) to make the State of Oklahoma the sole beneficiary of the Trust, and (c) to provide that the trustees might contract with franchise-granting municipalities to pay to each a ratio of the receipts of operation and to convey to each, when cleared of all indebtedness, portions of the trust estate based upon the operations and location of facilities within their limits.

. The Mayor of Tahlequah, on behalf of the governing body of said city, accepted the amendments on March 25, 1960 and this action was ratified by Ordinance No. 421, duly passed by the Tahlequah City Council on April 4, 1960.

The President of the Fort Gibson Board of Trustees, on behalf of said Board, also consented to the amendments on March 30, 1960, pursuant to Ordinance No. 252A, passed by that Board.

There is a further matter about the multiple beneficiaries that we here dispose of. Regardless of what might have been the effect of our opinion in State ex rel. Williamson v. Garrison, supra, 348 P.2d 859, we think and hold that the City of Tahlequah and the Town of Fort Gibson received proper and sufficient consideration for the release of any possible right each municipality might have had as such.

 Was the amendment of the Declaration of Trust here under consideration validly made? We think so. There is no sound reason why a Declaration of Trust

might not be reformed. In Section 333, Restatement of the Law of Trusts, it is said:

> "A trust can be rescinded or reformed upon the same grounds as those upon which a transfer of property not in trust can be rescinded or reformed."

Section 366 of the same work says:

> "A charitable trust can be rescinded or reformed upon the same grounds as those upon which a private trust can be rescinded or reformed."

We can see no difference on this point from any other written contract and we think 15 O.S.1951 § 237 applies:

> "A contract in writing may be altered by a contract in writing * * *."

The changes made in the Trust instrument are sufficient and proper.

The Attorney General concedes in his brief that our decisions in the cases of Board of County Commissioners v. Warram, Okl., 285 P.2d 1034; Morris v. Oklahoma City, Okl., 299 P.2d 131; Meder v. Oklahoma City, Okl., 350 P.2d 916; Woodward v. City of Anadarko, Okl., 351 P.2d 292, 293; and Harrison v. Barton, Okl., 358 P.2d 211, have completely settled all issues which might be advanced against the Northeast Oklahoma Gas Authority and proposed actions of the respondents except those mentioned in State ex rel. Williamson etc. v. Garrison, supra, 348 P.2d 859. After a restudy of these opinions and 60 O.S.1951 §§ 176–180 (as amended by Laws 1953, p. 278) we agree with this and so hold. The rules of law adopted in those cases are applicable to this case.

■ The trustees of this Trust will be carrying on an enterprise which is described in the Gas Production and Transportation Act of 1913, which is 52 O.S.1951 §§ 21 to 35. We consider this Trust is an entity that comes under said Act and is given the power to exercise the right of eminent domain in its operations as provided in said aforementioned Sections 21, 22 and 27. This Trust is also entitled to exercise the right of eminent domain under 27 O.S.1951 § 7.

After considering all angles of this case and all points raised we are of the opinion that the Trust here involved is legal and constitutional in every particular and the injunction prayed for in this case is denied. Due to the exigencies related to the element of time affecting the situation involved herein, the usual 15 day period allowed by this Court's Rule No. 28 for the filing of petitions for rehearing generally, is, as applied to this case, reduced to 10 days.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, JOHNSON, JACKSON and IRWIN, JJ., concur.