PROPERTY
Assuming that it has been factually determined that the instruments creating a public trust with the State of Oklahoma as beneficiary empowers the trust to utilize the power of eminent domain for the purpose of acquiring lands and constructing a reservoir thereon to impound waters for municipal use, 82 O.S. 105.3 [82-105.3] (1977), authorizes and grants the right of eminent domain to a public trust created pursuant to 60 O.S. 176 [60-176], et seq. (1971). The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: Under Oklahoma law, does a Public Trust created and existing under the provisions of 60 O.S. 176 [60-176], et seq. (1971), with the State of Oklahoma as beneficiary thereof, have the power of eminent domain for the purpose of acquiring lands and constructing thereon a water reservoir to impound waters for municipal use? Title 60 O.S. 176 [60-176] (1971) reads, in pertinent part, as follows: "a) Express trusts may be created in real or personal property, . . . or in any estate or interest in either or both, with the State . . . as the beneficiary thereof . . . and the purpose thereof may be the furtherance, or the providing of funds for the furtherance, of any authorized or proper function of the said beneficiary." This section was amended by Laws 1976, Chapter 222, Section 2, but the authorized purposes of a public trust were basically unchanged. A preliminary consideration is thus whether or not the public trust at issue herein is authorized by the instruments or articles prescribing its creation to engage in the contemplated activity, as mandated by 60 O.S. 177.1 [60-177.1] (1971). To make this determination, it would be necessary to review the Declaration of Trust creating a particular public trust, and proceed to make a factual determination as to whether or not the Declaration authorizes engagement in the contemplated activity. A further necessary factual resolution would be to determine whether or not the acquisition of lands and subsequent construction of a reservoir thereon is an authorized or proper function of the trust's beneficiary. Such determinations are questions of fact, and thus outside the scope of an Attorney General's Opinion. However, assuming that these factual determinations are answered in the affirmative, we may then proceed to examine the statutory enactment providing for exercise of eminent domain for the acquisition of land on which to construct a reservoir. Title 82 O.S. 105.3 [82-105.3] (1977) reads, in pertinent part, as follows: "Any person, corporation or association may exercise the right of eminent domain to acquire right of way for the storage or conveyance of waters for beneficial use . . . and use the same in common with the former owner. ". . . "Such rights may be acquired in the manner provided by law for the taking of private property for public use." The authorization rendered by this statute hinges on the issue of whether or not the public trust is a "person" within the purview of 82 O.S. 105.3 [82-105.3] (1977), as it is by definition neither a corporation nor an association, see Black's Law Dictionary, Revised Fourth Edition. While definition of the term "person" is not found in the Stream Water Use Act (82 O.S. 105.1 [82-105.1], et seq. (1977)), we find that in the Regional Water Distribution Act (82 O.S. 1266 [82-1266](3) (1977)): "3. 'Persons' includes any natural person, firm, association, corporation, business trust, partnership, federal agency, state agency, state or political subdivision thereof, municipality or any body politic." In the Oklahoma Ground Water Law (82 O.S. 1020.1 [82-1020.1](F) (1977)), we find the following definition: "F. The term `Person' shall mean any individual, firm, partnership, association, corporation, business trust, federal agency, state agency, the State or any political subdivision thereof, municipalities, and any other legal entities." General guidance is provided in Pollock's First Book of Jurisprudence, 110, which indicates that a person is such, not because he is human, but because rights and duties are ascribed to him; a person is the legal subject or substance of which the rights and duties are attributes. These definitions of the term at issue are mentioned due to the general rule regarding the ascertainment of legislative intent: that the court may look to each part of the statute, and to other statutes on the same subject, for guidance, Nelson v. State, Okl. Cr.,288 P.2d 429 (1955). In Title 82 we find at least two very similar definitions of the term "person"; had the Legislature intended the term to be more restrictive at 82 O.S. 105.3 [82-105.3] (1977), they would have expressed the more narrow intent. See, Oklahoma Natural Gas Company v. State, ex rel., Vassar, 187 Okl. 164, 101 P.2d 793 (1940). In State, ex rel. Williamson v. Garrison, 363 P.2d 285 (Okl. 1961), a question bearing many similarities to the question at issue arose. Therein, a trust was created with the State of Oklahoma as beneficiary for the purpose of furnishing natural gas to inhabitants of northeastern Oklahoma. The power of eminent domain was granted to the public trust by 52 O.S. 22 [52-22] (1971). The Court therein held at Syllabus 1: "A valid trust in property, with a governmental entity as beneficiary, may be created for the furtherance, or the providing of funds for the furtherance, of any public function which the governmental entity might be authorized by law to perform; . . . ." It is to be noted that 52 O.S. 22 [52-22] (1971) speaks in terms of " Every such person is hereby granted the right of condemnation by eminent domain, . . ." the term "such person" referring to "corporation, joint stock company, limited co-partnership, partnership or other person" set forth at 52 O.S. 21 [52-21] (1971). Thus, examining Title 82, "Waters and Water Rights" for other definitions of the term "persons", finding a lack of intent that the Legislature intended that the usage of the term at 82 O.S. 105.3 [82-105.3] be more restrictive, and having a previous court interpretation with extremely similar issues, we find that a public trust properly falls within the purview of "persons" insofar as the authorization for the exercise of power of eminent domain. It is, therefore, the opinion of the Attorney General that your question be answered in the following manner: Assuming that it has been factually determined that the instruments creating a public trust with the State of Oklahoma as beneficiary empowers the trust to utilize the power of eminent domain for the purpose of acquiring lands and constructing a reservoir thereon to impound waters for municipal use, 82 O.S. 105.3 [82-105.3] (1977) authorizes and grants the right of eminent domain to a public trust created pursuant to 60 O.S. 176 [60-176], et seq. (1971). (H. LEE SCHMIDT) (ksg)